IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| KENDALL JOY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 16-2367-STA-tmp |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**
_____

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Petitioner Kendall Joy ("Joy"), Bureau of Prisons register number 26001-076, an inmate at USP McCreary in Pine Knot, Kentucky (§ 2255 Motion, ECF No. 1.) For the reasons stated below, Joy's § 2255 Motion is **DENIED**.

**BACKGROUND**

I.   **Criminal Case Number 13-20180**

On May 30, 2013, a federal grand jury sitting in the Western District of Tennessee returned an indictment against Joy charging him with five counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The Court appointed the Federal Public Defender to represent Joy, and Joy pleaded not guilty to the charges. The Court denied Joy's motion to suppress the evidence against him by order dated January 27, 2014, and went on to

1

deny a number of additional motions filed *pro se* by Joy. Joy proceeded to trial with counsel, and a jury trial began on February 2, 2015. On the third day of trial, Joy accepted a plea offer from the government whereby he agreed to plead guilty to the charges but preserved his right to appeal the Court's denial of his motion to suppress. On June 15, 2015, the Court sentenced Joy to a term of 200 months incarceration on each count, to be served concurrently, followed by five years' supervised release and a special assessment of $100. (*See* Judgment, ECF No. 143.) Joy filed a timely appeal, and the Sixth Circuit affirmed the Court's judgment on July 29, 2016.

B. **Civil Case Number 16-2367**

On May 26, 2016, Joy filed his *pro se* § 2255 Motion, raising (1) one claim of ineffective assistance of federal trial counsel for counsel's failure to contest the application of the the Armed Career Criminal Act ("ACCA") at sentencing; (2) one claim of ineffective assistance of state trial counsel during plea negotiations; (3) legal challenges to the search and seizure resulting in his arrest and the §922(g) charges against him; (4) the Court's lack of subject matter jurisdiction over the criminal charges against him; and (5) a claim for relief under the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015). Joy argues that federal trial counsel was ineffective at sentencing because counsel did not contest one of his prior convictions, a 1993 conviction for aggravated assault. Joy contends that aggravated assault under Tennessee law is not a violent felony or crime of violence for purposes of the ACCA. Joy's claim can also be construed as a request for relief under *Johnson* in as much as Joy asserts that his aggravated assault charge can only be counted under the ACCA's residual clause.

Joy's other grounds for relief are less than clear. Joy faults his state court trial counsel for failing to properly investigate the assault charge against him, presumably the allegation of

assault that resulted in the Millington Police Department conducting a warrantless search of Joy's residence and discovering the firearms which formed the basis of Joy's five federal counts of being a felon in possession of firearms. Joy makes a number of allegations about the inadequacy of state trial counsel's factual investigation and advice during plea negotiations. Joy seems to argue that counsel's deficient performance in state court somehow opened the way for Joy's criminal charges in federal court. Joy's remaining grounds for relief concern the constitutional legality of the Millington Police Department's search of Joy's residence and the Court's subject-matter jurisdiction over Joy.

Joy has filed a Motion for Appointment of Counsel (ECF No. 5) and addressed two letters to the Court since he filed his initial petition.[1] In a letter dated June 23, 2016 (ECF No. 6, Joy asserts that his prior drug conviction does not satisfy the ACCA's definition of a "serious drug offense." In a second letter dated July 5, 2016 (ECF No. 7), Joy argues that his prior burglary conviction is not a qualifying "violent felony" under the ACCA. Pursuant to Administrative Order 2016-21, the United States Probation Office conducted an initial review of Joy's claim under *Johnson v. United States*. On August 4, 2016, the probation officer submitted a memorandum to the Court, recommending that Joy was not entitled to any relief under *Johnson*.

## STANDARD OF REVIEW

Joy seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed

---

[1] For the reasons that follow, the Court holds that Joy has not raised any colorable grounds for relief and is not entitled to an evidentiary hearing on his § 2255. Therefore, Joy's Motion for Appointment of Counsel is **DENIED**.

in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[2] A § 2255 motion is not a substitute for a direct appeal.[3] "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings."[4] "Defendants must assert their claims in the ordinary course of trial and direct appeal."[5] The rule, however, is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.[6]

Procedural default bars even constitutional claims that a defendant could have raised on direct appeal, but did not, unless the defendant demonstrates cause and prejudice sufficient to excuse

---

[2] *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (internal quotation marks omitted).

[3] *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013); *see also Sunal v. Lange*, 332 U.S. 174, 178 (1947).

[4] *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).

[5] *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

[6] *Id.*

his failure to raise the issues previously.[7]  Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence."[8]

Dismissal of a § 2255 motion is mandatory if the motion, exhibits, and the record of prior proceedings show that the petitioner is not entitled to relief.[9]  If the habeas court does not dismiss the motion, the court must order the United States to file its "answer, motion, or other response within a fixed time, or take other action the judge may order."[10]  The petitioner is then entitled to reply to the government's response.[11]  The habeas court may also direct the parties to provide additional information relating to the motion.[12]  The petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence.[13]

## ANALYSIS

Joy's Motion pursuant to 28 U.S.C. § 2255 lacks merit.  As a threshold matter, the Court holds that Joy is not entitled to any relief pursuant to *Johnson v. United States*, 135 S. Ct. 2251 (2015).  The Supreme Court in *Johnson* explained that the United States Code makes it a crime against the United States for certain classes of persons, such as convicted felons, to possess

---

[7] *See El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3dd 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).

[8] *Bousley v. United States*, 523 U.S. 614, 662 (1998); *Vanwinkle v. United States*, 645 F.3d 365, 369-70 (6th Cir. 2011).

[9] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

[10] *Id*.

[11] Rule 5(d), Section 2255 Rules.

[12] Rule 7, Section 2255 Rules.

[13] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

firearms and provides for a punishment of up to ten years' imprisonment.[14] The Armed Career Criminal Act increases the penalty for unlawful possession of a firearm where the offender has "three or more earlier convictions for a 'serious drug offense' or a 'violent felony'" and sets a minimum term of imprisonment of 15 years and a maximum of life.[15] The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."[16] The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" has come to be known as the ACCA's residual clause.

In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally void for vagueness.[17] *Johnson* left the ACCA's use-of-force clause and enumerated offenses clause undisturbed. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court subsequently held that, as applied to ACCA cases, *Johnson* is a new substantive rule of constitutional law that has been made retroactive to cases on collateral review, and therefore, defendants can bring initial or successive 28 U.S.C. § 2255 petitions challenging their sentences enhanced under the ACCA's residual clause.

The Court sentenced Joy as an armed career criminal based on three prior convictions under Tennessee law: (1) Burglary First Degree (committed in 1987); (2) Aggravated Assault (two cases, both committed in 1993); and (3) Unlawful Possession of a Controlled Substance

---

[14] *Johnson v. United States*, 135 S. Ct. 2251, 2255 (2015) (citing 18 U.S.C. § 924(a)(2)).

[15] *Id.* (citing 18 U.S.C. § 924(e)(1)).

[16] 18 U.S.C. § 924(e)(2)(B)

[17] *Johnson*, 135 S. Ct. at 2257.

with Intent to Sell-Cocaine (committed in 2007). The Supreme Court's intervening decision in *Johnson* has no effect on Joy's sentence as an armed career criminal because none of Joy's prior felony offenses implicate the ACCA's residual clause. First, as the Sixth Circuit held in Joy's direct appeal, Joy's Aggravated Assault convictions qualify as a violent felony under the ACCA's use-of-force clause.[18] As such, Joy's Aggravated Assault conviction does not implicate the ACCA's residual clause, and *Johnson* affords him no relief.

Next, Joy's conviction for Burglary First Degree constitutes a violent felony under the ACCA's enumerated offenses clause. Tenn. Code Ann. § 39–3–401(a), the statute applicable to Joy's 1989 conviction for Burglary First Degree, defined first degree burglary as breaking and entering into a dwelling house or other occupied dwelling place by night with the intent to commit a felony.[19] While the Court of Appeals has never considered whether Tennessee's pre-1989 first degree burglary statute qualified as an ACCA "violent felony," the Sixth Circuit has decided in a reported decision that Tennessee's pre-1989 third degree burglary statute was a non-generic burglary statute but qualified as a "violent felony" under the enumerated offenses clause of the ACCA.[20] The Tennessee Supreme Court has held that under Tennessee's pre-1989 burglary statute, third degree burglary is a lesser included offense of first degree.[21] It follows that if the pre-1989 crime of third degree burglary, a lesser included offense in the crime

---

[18] *United States v. Joy*, --- F. App'x ---, No. 15-5657, 2016 WL 4056053, at *2 (6th Cir. July 29, 2016) (citing *Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016)).

[19] *See State v. Teasley*, 719 S.W.2d 148, 149 (Tenn. 1986) (citing Tenn. Code Ann. § 39–3–401(a)).

[20] *United States v. Caruthers*, 458 F.3d 459 (6th Cir. 2006); *see also United States v. Jones*, 673 F.3d 497 (6th Cir. 2012) (finding that second degree burglary in Tennessee was a generic burglary and qualified as a violent felony under the enumerated offenses clause of the ACCA).

[21] *Teasley*, 719 S.W.2d at 149-50.

7

of first degree burglary, is a "violent felony" under the ACCA's enumerated offenses clause, then the crime of first degree burglary for which Joy was convicted in 1987 also qualifies as a "violent felony" under the ACCA's enumerated offenses clause. Therefore, Joy's First Degree Burglary conviction does not implicate the ACCA's residual clause.

And finally, Joy's conviction for Unlawful Possession of a Controlled Substance with Intent to Sell-Cocaine qualifies as a serious drug offense for purposes of the ACCA. The ACCA defines a "serious drug offense" to include an "offense under State law, involving . . . possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law."[22] According to the Presentence Investigative Report in Joy's criminal case, Joy was indicted for possessing 3.0 grams of cocaine base with the intent to sell on November 17, 2007. The version of Tenn. Code Ann. § 39-17-417 in effect at that time made it a crime "for a defendant to knowingly [p]ossess a controlled substance with intent to manufacture, deliver or sell the controlled substance"[23] and classified a violation of the statute involving 0.5 grams or more of any substance containing cocaine as a Class B felony.[24] Under the Tennessee Criminal Sentencing Reform Act of 1989,

---

[22] *See* 18 U.S.C. § 924(e)(2)(A)(ii) (defining an a "serious drug offense" to include an "offense under State law, involving . . . possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law).

[23] Tenn. Code Ann. § § 39-17-417(a)(4).

[24] Under the Tennessee Criminal Sentencing Reform Act of 1989, "all felony offenses are classified based on severity of offense with letter designations: the most serious felonies graded as Class A and the least serious as Class E . . . ." § 40-35-101, Cmt. of the Tenn. Sentencing Comm'n. Furthermore, "[e]ach felony class carries a maximum and minimum sentence" and "is divided into three ranges called Range I, Range II and Range III" where each

a Class B felony carries an overall maximum term of imprisonment of 30 years and even under Range I, the lowest range for offenders with the fewest number of prior convictions, a maximum term of 12 years' imprisonment. The Court concludes that Joy's 2007 drug offense satisfies the ACCA's definition of a "serious drug offense" and qualifies as an ACCA predicate conviction. Therefore, Joy's prior drug offense does not implicate the ACCA's residual clause.

Having determined that none of Joy's prior felony convictions fall under the ACCA's residual clause, the Court holds that Joy is not entitled to relief under *Johnson* or based on any claim of ineffective assistance of trial counsel based on counsel's failure to challenge Joy's sentencing as an armed career criminal. Therefore, Joy's §2255 Motion is **DENIED** as to these issues.

Joy's remaining grounds for relief are frivolous and lack any merit. Just as he did in the course of his criminal case, Joy asserts that the Court lacks subject-matter jurisdiction over the criminal charges against him. Subject-matter jurisdiction refers to a court's statutory or constitutional power to adjudicate a case.[25] Federal courts have subject-matter jurisdiction over prosecutions alleging violations of the federal criminal laws.[26] Joy's jurisdictional challenge fails. Likewise, Joy's ongoing arguments for suppression of the evidence against him are not well taken. Joy argued the suppression issue on appeal, and absent unusual circumstances, a defendant cannot use a § 2255 motion "to relitigate an issue that was raised on appeal."[27] Joy has not alleged that trial counsel was ineffective in raising the suppression issue; Joy simply

---

"'range' determination is based upon the number of prior convictions which, in turn, determines the potential span for that particular offender." *Id.*

[25] *United States v. Cotton,* 535 U.S. 625, 630 (2002).

[26] 18 U.S.C. § 3231.

[27] *DuPont v. United States,* 76 F.3d 108, 110 (6th Cir.1996); *see also Holmes v. United States*, 281 F. App'x 475, 480 (6th Cir. 2008)).

reargues his legal theories about the constitutionality of the police search and seizure. As a result, his § 2255 Motion must be **DENIED** as to these issues.

In a related claim, Joy alleges ineffective assistance of state trial counsel. Joy's petition alleges that Joy paid counsel a retainer but that counsel failed to take any action to defend Joy in state court, investigate the charges against him, or advise Joy during plea negotiations. A claim that ineffective assistance of counsel has deprived a defendant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). To demonstrate deficient performance by counsel, a § 2255 petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness."[28] To demonstrate prejudice, the petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[29] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[30] The petitioner must do more than prove that counsel's errors had "some conceivable effect on the outcome of the proceeding;" the "errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."[31]

---

[28] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[29] *Strickland*, 466 U.S. at 694. Additionally, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Id.* at 697. If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. *Id.*

[30] *Id.*

[31] *Richter*, 562 U.S. at 104 (internal quotation marks and citations omitted); *see also id.* at 111-12 ("In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . The likelihood of a different result must be substantial, not just conceivable.") (citations omitted); *Wong v. Belmontes*, 558 U.S. 15, 27 (2009) (per curiam) ("But *Strickland* does not require the State to rule out [a more favorable outcome] to prevail. Rather, *Strickland* places the burden on the

Joy has alleged no facts in his petition to show how counsel's alleged "unprofessional errors" before the state court altered the outcome of his federal case. The PSR reports that all of the charges against Joy in state court were ultimately dropped. In any event, Joy was transferred to federal custody where he was indicted for being a felon in possession of firearms. But Joy has not shown how any of counsel's supposed breaches of duty during proceedings before the state court caused Joy any prejudice. The Court would highlight that the attorney who Joy retained to represent him on the state charges, Scott Hall, Esq., did not represent Joy on the federal charges. Joy pleaded guilty to the federal charges and unsuccessfully argued for the suppression of evidence, both before this Court and on appeal to the Sixth Circuit. Without more, Joy has not shown how the alleged ineffective assistance of counsel in state court caused him any prejudice. Therefore, Joy's § 2255 Motion is **DENIED** as to these issues.

**IV. Appeal Issues**

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."[32] No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue(s) that satisfy the required showing.[33] A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

---

defendant, not the State, to show a 'reasonable probability' that the result would have been different.").

[32] 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).

[33] 28 U.S.C. §§ 2253(c)(2) & (3).

adequate to deserve encouragement to proceed further."[34] A COA does not require a showing that the appeal will succeed.[35] Courts should not issue a COA as a matter of course.[36]

In this case, for the reasons previously stated, the issues raised by Joy in support of his § 2255 Motion lack substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. Therefore, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.[37] Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).[38] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[39] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[40]

---

[34] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[35] *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).

[36] *See Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

[37] *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

[38] *Id.* at 952.

[39] *See* Fed. R. App. P. 24(a)(1).

[40] *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[41]

## CONCLUSION

Joy's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is **DENIED**. The Court further denies Joy a certificate of appealability, denies leave to proceed in forma pauperis on appeal, and certifies that any appeal in this case would not be taken in good faith.

**IT IS SO ORDERED.**

                                              s/ *S. Thomas Anderson*
                                              S. THOMAS ANDERSON
                                              UNITED STATES DISTRICT JUDGE

                                              Date: August 17, 2016.

---

[41] If Joy files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.